BRUST and another, Appellants, vs. LAMOREUX and others, Respondents.

*May 5—June 1, 1915.*

*Mechanics' liens: Architects: Continuity of service: Time for filing claim: Mortgages: Priority.*

Architects were employed in 1908 to furnish plans for a dwelling, superintend the construction, and issue certificates for work performed thereon. The building was practically completed so that the owner moved into it in September, 1910. In 1912 the architects made a charge of $11.80 for a drawing, and in June, 1913, a charge of $9.90 for inspection of the heating plant, which had been in use since 1910, but had never been settled for nor formally approved. After said inspection a certificate for a certain amount was issued to the heating contractor, but no final certificate of approval of the heating plant was ever issued. *Held*, that the continuity of the service of the architects had been interrupted, that the owner had obviously accepted the building before June, 1913, and that any service rendered by the architects after such acceptance was not within the original contract of employment. They were therefore not entitled to a lien for services under that contract upon a claim not filed until October, 1913,—especially since the owner had in October, 1910, and again in August, 1913, mortgaged the premises to other persons.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an action to foreclose a mechanic's lien upon the interest in real estate of the defendant *D. P. Lamoreux* and wife. The defendants *Fitch* and *Zander* have mortgages upon this property.

In 1908 the plaintiffs were employed as architects by the defendant *D. P. Lamoreux* to furnish plans and superintend the construction of and issue certificates for work performed in and about the construction of a dwelling house to be erected upon the property of the defendant. This contract was a verbal one and entered into about the 1st day of July, 1908. The plaintiffs performed continuous services on this

building during 1908, 1909, and 1910. *Mr. Lamoreux* moved into the house in the month of September, 1910, although work was still being done thereon. The work was nearly finished soon after this. The accounts of the plaintiffs contain items for services in the year 1911 amounting to $62, in 1912 amounting to $11.80, and in 1913 amounting to $9.90. The $11.80 charged in 1912 is claimed to be a charge for a drawing and the $9.90 in 1913 is charged for an inspection of the heating plant which had been in the house since 1910 but had never been settled for nor formally approved, nor had the plaintiffs issued a final certificate of approval therefor. After making this inspection in June, 1913, a certificate was issued for $200 to the heating company on July 25, 1913, leaving a balance due the heating company of $90. The plaintiffs claim a balance due them, under their contract of employment with *Lamoreux,* of $2,427.48. On the 10th day of October, 1913, the plaintiffs filed a claim for lien for this amount, this being within six months of the date of their inspection of the heating plant in June, 1913.

On the 26th day of October, 1910, the defendants *Lamoreux* mortgaged the premises to defendant *Lawrence Fitch* to secure the payment of the sum of $15,000, and the mortgage was duly recorded on the 1st day of November, 1910. About the 9th day of August, 1913, the defendants *Lamoreux* mortgaged the premises to the defendant *Zander,* giving a second mortgage to secure the payment of $10,000, and this mortgage was duly recorded on the 12th day of August, 1913.

The circuit court found that the services for 1908, 1909, and 1910 were continuous and constituted transactions under plaintiffs' contract of employment with *Lamoreux;* that the services rendered subsequent to these times were not rendered under nor a part of the services required by this contract, and held that they were rendered subsequent thereto. The court thereupon awarded judgment allowing the plaintiffs a claim for lien for the $9.90 charge of 1913 and awarded recovery

by a personal judgment for the balance due under the original contract of employment against the defendants *Lamoreux.* The mortgagees were allowed prior liens upon the premises to this lien of the plaintiffs. From such judgment this appeal is taken.

*William Kaumheimer,* for the appellants, cited *Hutchins v. Bautch,* 123 Wis. 394, 101 N. W. 671; sec. 3314, Stats.; *Vilas v. McDonough Mfg. Co.* 91 Wis. 607, 611, 65 N. W. 488; *Fowler v. Bailley,* 14 Wis. 125; *Chapman v. Wadleigh,* 33 Wis. 267; *Brown v. Edward P. Allis Co.* 98 Wis. 120, 126, 73 N. W. 656; *Taylor v. Dall L. & Z. Co.* 131 Wis. 348, 357, 358, 111 N. W. 490.

For the respondent *Fitch* there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Emmet Horan, Jr.,* of counsel, and oral argument by *Mr. Horan.*

SIEBECKER, J.    The appellants assail the court's findings of fact, which are to the effect that the plaintiffs' claim for services of 1913 was not for part performance of the original agreement with *Lamoreux* of 1908 and that the services embraced in this claim were rendered after the 1908 contract had been specifically and completely performed. The terms of the original contract were to the effect that the defendant *Lamoreux* employed the plaintiffs as architects to furnish plans and specifications for the construction of a residence for him at the city of Beaver Dam; that they were to superintend its construction, issue certificates for work performed and material furnished in the progress of construction, and to issue final certificates of approval of the work. It appears that the plaintiffs commenced performing these services in 1908 and that the building was practically completed in 1910. *Mr. Lamoreux* took possession of the premises in September, 1910, and continuously resided there until the time when the plaintiffs claim to have rendered their last item of service included in their claim for a lien under their original contract

with *Lamoreux*. This service consisted of an inspection of the heating plant and the issuing of a certificate for a partial payment thereof. It also appears that no final certificate of approval of the heating plant has ever been issued. The controversy between the parties centers about this item of service which the plaintiffs claim was rendered as a final performance of their contract. The omission of plaintiffs to issue their final certificate of approval for the heating apparatus is in accord with the claim that *Mr. Lamoreux's* acts and conduct in respect thereto were an acceptance thereof. The facts and circumstances disclosed that *Lamoreux* used the heating plant in the building after September, 1910, throughout the years 1911, 1912, and up to the month of June, 1913. This operated to modify the terms of plaintiffs' contract requiring their certificate of its approval. It necessarily follows that plaintiffs' services in June, 1913, were not a part performance of their original engagement with *Lamoreux,* but rested upon a separate and independent obligation. The fact that rights of third parties, the mortgagees, have intervened emphasizes these considerations and requires that the want of continuity of the services under the original contract be given its legal effect. It is also apparent from the evidence that the plaintiffs did not continue in the performance of their contract throughout the year 1912. The evidence is too vague and speculative to warrant the conclusion that the plaintiffs were engaged in performing services actually required to carry out their agreement. The trial court evidently concluded that the building was in fact completed in 1911 as contemplated by the contractors, *Lamoreux,* and the plaintiffs. We are of the opinion that this conclusion is justified by the record. In the light of this state of the case the court correctly held, as a matter of law, that continuity of services by plaintiffs under their contract was interrupted, and that the services rendered by plaintiffs in 1912 and 1913 were not within the original contract of plaintiffs' employment, and

properly denied the plaintiffs' claim for a lien as demanded in their complaint. It is obvious that *Lamoreux* accepted the building before June, 1913, and that whatever service plaintiffs performed for him after such acceptance was not within the contract relied on in this action. There is no objection to that part of the judgment allowing plaintiffs a lien for the $9.90 as indicated in the judgment.

*By the Court.*—The judgment appealed from is affirmed.